### JOSEPHINE RAIFORD *v.* M. L. WEEMS.

VOID JUDGMENT. *Presumption. Service of summons after return day. Jurisdiction.*
Where, in ejectment, in support of an execution sale, a transcript of the
record in a suit before a justice of the peace is introduced, which contains
no summons, but recites the issuance of one and shows a continuance on
the return day for want of service, and a return of service made after-
wards, but nothing as to an *alias*, and there is no recital in the judgment
showing that the court had acquired jurisdiction of the defendant by pro-
per service, it will be presumed that the service was on the original
summons after it became *functus officio*, and a sale under the judgment
confers no title.

FROM the circuit court of Holmes county.

HON. C. H. CAMPBELL, Judge.

Action of ejectment by appellant, Josephine Raiford, against
appellee for a lot of land in the town of Durant.

The defendant, Weems, held possession of the lot by virtue of an
execution sale made by a constable under a judgment in his favor
against the said Josephine Raiford, rendered by a justice of the
peace. The deed of the constable conveying the lot to defendant
was introduced in evidence, and also a transcript of the record
showing the proceedings and judgment before the justice of the
peace. The judgment was by default. The record contained no
summons; it showed that one had been issued, and that an entry
was made on the return day continuing the case for want of ser-
vice. Afterwards it appears that a return of service was made as
stated in the opinion, but the record does not show upon what writ
this service was made. There was no entry showing the issuance
of an alias summons. Nor was there any recital in the judgment
that the defendant had been served with process. Plaintiff in eject-
ment objected to the introduction of the transcript and the consta-
ble's deed on the ground that the record failed to show that the
justice court had acquired jurisdiction of the defendant therein by
proper service of process. The court overruled the objection and
defendant had judgment, from which plaintiff appeals. A question
was raised on cross-appeal as to the recovery of mesne profits, but,

in view of the opinion of the court, it is not deemed necessary to refer to this or to make any further statement of the case.

*Noel & Tackett,* for appellant.

Section 2193, code 1880, provides that every justice of the peace shall keep a docket in which he shall enter the names of the parties in any suit before him, what is sued for, the time of issuing process and when returnable, the return thereon made by the officer, etc. In this case the presumption is that the justice did his duty and entered on his docket all process issued and all returns made thereon. The transcript shows that an original summons was issued, and that the case was continued on the return day for want of service. Afterwards a return of service was made, and, as there was no alias issued, the presumption is that the service was made on the original summons after the return day. A judgment by default based on such service is a nullity. *Hendrick* v. *Pugh,* 57 Miss. 157 ; *Foley* v. *McDonald,* 46 Ib. 238 ; *Hughston* v. *Cornish,* 59 Ib. 374.

*J. Wiener,* for appellee.

Though the return of service is imperfect and the judgment is erroneous, it cannot be attacked collaterally. *Campbell* v. *Hays,* 41 Miss. 561 ; *Parisot* v. *Green,* 46 Ib. 751 ; *Allen* v. *Dicken,* 63 Ib. 93.

The record is silent as to the issuance of an alias, but the presumption is that one was issued. Wherever there is a state of facts which would justify the judgment, the presumption is that such facts existed. *Duncan* v. *McNeil,* 31 Miss. 704.

Wherever the record is merely silent, in a collateral attack, it will be presumed that whatever ought to have been done was done. 94 Am. Dec. p. 765, and authorities there cited.

Taking all the proceedings together and considering what was done, it would be a violent presumption to hold that the justice omitted to issue a proper summons when the case was continued for want of service.

Justice courts are courts of record. Code 1880, § 2994. Courts of record are competent to decide the question of their own jurisdiction. Freeman on Judgments, 122.

If the court has passed upon jurisdictional facts, the parties in collateral proceedings are estopped.   Bigelow on Estoppel, 141.

Judgments of justices of the peace are favored with the same presumptions as though they were pronounced by other courts. *Stevens* v. *Mangum*, 27 Miss. 481 ; *Hendricks* v. *Whitmore*, 105 Mass. 23.

When apparently within the ordinary scope of their jurisdiction, such judgments cannot be collaterally attacked on the ground that they do not show affirmatively all the facts necessary to give jurisdiction.   *Williams* v. *Ball*, 52 Tex. 603 ; 36 Am. Rep. 730 ; Freeman on Judgments, 21, 124, 126, 621.

There is a difference between a want of jurisdiction and a mere defect in obtaining it.   Freeman on Judgments, 126 ; *Lightsey* v. *Harris*, 20 Ala. 409 ; *Billings* v. *Russel*, 23 Pa. 189 ; *Tarbox* v. *Hays*, 6 Watts, 398.

CAMPBELL, J., delivered the opinion of the court.

The plaintiff was not entitled to a recovery of the land on the record before us ; for there was not a valid judgment to support the execution under which plaintiff claimed.   The transcript of the proceedings before the justice of the peace must show, either by entry of issuance of summons, and return of the officer on it, or by a recital in the judgment, that the court had acquired jurisdiction of the person of the defendant or else the judgment will not uphold an execution.   In the transcript it appears that summons was issued January 1, 1887, returnable 7th of January ; and on January 7th the case was continued for want of service until 20th of January. There is no hint of an *alias* summons.   The return is : *" Executed the above summons by personal service, January 12, 1887."*   What summons? There being nothing in the transcript to suggest that another was issued, the presumption is strong that none was issued other than the original, and that it was executed after it was *functus officio*, and, if so, the service amounted to nothing.   If an *alias* summons was issued, it should have been noted on his docket by the justice ; and there being no entry of such thing, and no recital

anywhere in the record from which to infer it, the presumption must stand that the summons executed was the only one mentioned, and that was of no validity after the day for its return.

*Reversed and remanded.*